UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| SYLVAN GODFREY,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 3:24-CV-03010-RAL<br><br>OPINION AND ORDER SCREENING AND DISMISSING § 2255 MOTION |

Petitioner Sylvan Godfrey filed a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1. In his motion, Godfrey raises four claims, including ineffective assistance of counsel, an alleged Brady violation, and an alleged improper closing argument by the prosecution. Id. This is Godfrey's fourth § 2255 motion seeking to vacate, set aside, or correct his sentence, but Godfrey has not obtained the required authorization from the United States Court of Appeals for the Eighth Circuit to pursue a successive habeas motion. Thus, the instant § 2255 motion must be dismissed.

## PROCEDURAL BACKGROUND AND DISCUSSION

Following a jury trial, Godfrey was convicted of aggravated sexual abuse of a child. See United States v. Godfrey, 3:13-CR-30118-01-RAL (D.S.D.) at Doc. 67. On August 11, 2014, this Court sentenced Godfrey to 360 months imprisonment. Id. at 78. The United States Court of Appeals for the Eighth Circuit affirmed Godfrey's conviction and sentence on May 4, 2015. United States v. Godfrey, 611 F. App'x 364 (8th Cir. 2015). On July 5, 2016, Godfrey filed his

first § 2255 motion. See Godfrey v. United States, 3:16-CV-03030 RAL (D.S.D.) at Doc. 1. This Court dismissed Godfrey's first motion on September 6, 2016. Id. at Docs. 10, 11. Godfrey filed a notice of appeal to the Eighth Circuit. Id. at Docs. 14, 15. Godfrey then sought to obtain a certificate of appealability, which this Court denied. Id. at Docs. 20, 21. The Eighth Circuit also denied a certificate of appealability and dismissed Godfrey's appeal. Id. at Doc. 27. Godfrey filed his second § 2255 motion directly with the Eighth Circuit in May 2020. See Godfrey v. United States, 3:20-CV-03017-RAL (D.S.D.) at Doc. 8 at 2. The Eighth Circuit denied Godfrey's motion and issued a mandate in August 2020. Id.

On September 28, 2020, Godfrey filed his third § 2255 motion claiming that his trial counsel was ineffective, that he should have been tried in tribal court, and that exculpatory witnesses were improperly excluded from trial. See id. at Doc. 1. This Court dismissed Godfrey's third § 2255 motion because he failed to obtain an order from the court of appeals authorizing a successive habeas motion. Id. at Docs. 12, 13. On February 28, 2022, the Eighth Circuit entered a judgment and mandate denying Godfrey approval to file any additional habeas actions in both the § 2255 actions Godfrey had filed in district court. See id. at Doc. 17 at 3.

A successive § 2255 motion may not be filed in district court unless a panel of the appropriate court of appeals certifies the motion as one containing:

> (1)  newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2244 sets forth the procedure to obtain a certification authorizing a second or successive habeas motion from the appropriate court of appeals. Id. § 2244(b)(3)(A)-

(E). Because Godfrey has not obtained the required authorization from the Eighth Circuit to pursue a successive habeas petition, this § 2255 motion must be dismissed.

Accordingly, it is

ORDERED that Godfrey's motion for relief under 28 U.S.C. § 2255, Doc. 1, is denied without prejudice to Godfrey obtaining permission form the United States Court of Appeals for the Eighth Circuit to file a successive habeas motion in accordance with 28 U.S.C. § 2244(b)(3)(A). It is further

ORDERED that Godfrey's motion for leave to proceed in forma pauperis, Doc. 3, is denied as moot.

DATED this 3rd day of April, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE